```
                 UNITED STATES DISTRICT COURT
                           FOR THE
                MIDDLE DISTRICT OF PENNSYLVANIA


EDWIN D. QUILES,                  :
                                  :
          Plaintiff               :    CIVIL NO. 1:15-CV-01171
                                  :
     vs.                          :
                                  :
PIKE COUNTY (PA), et al.,         :    (Judge Kane)
et al.,                           :
                                  :
          Defendants              :
```

**MEMORANDUM**

**Background**

On June 15, 2015, Plaintiff Edwin D. Quiles, while incarcerated at the Pike County Correctional Facility, Lords Valley, Pennsylvania,[1] filed a 7-page typewritten complaint against (1) Pike County; (2) Craig Lowe, the Warden of Pike County Correctional Facility; and (3) John Frawley, a corrections officer employed at the Pike County Correctional Facility with the rank of sergeant. Doc. 1.

Quiles contends that he is bringing his action pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1977).[2] Id., ¶ 3. In

---

1. Quiles is presently incarcerated at the State Correctional Institution-Somerset, Somerset, Pennsylvania.

2. 28 U.S.C. § 1331 states as follows: "The district court shall have original jurisdiction of all actions arising under the Constitution, laws, or treaties of the United States."
   Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest
                                                   (continued...)

the complaint, Quiles alleges that his rights under the First Amendment to the United States Constitution were violated by the defendants. Id. Specifically, he claims that on February 16, 2015, he deposited in the inmate mail system at Pike County Correctional Facility a legal brief addressed to the Pike County Court of Common Pleas.[3] Id., ¶¶ 4-8. Quiles further alleges that the mail from Pike County Correctional Facility "was to go out on February 17, 2015, and that on February 19, 2015, he was called to the administration office of Pike County Correctional Facility and confronted by Sergeant Frawley about the item he placed in the inmate mail system on February 16th addressed to the Court of Common Pleas. Id.  Quiles contends that Sergeant Frawley opened the legal mail, reviewed the documents, and then discarded them in the trash. Id.  Quiles does not allege that the destruction of the "legal brief" by Sergeant Frawley affected any legal action pending in the Court of Common Pleas of Pike County. Id.  Quiles

---

2. (...continued)
could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978). The defendants named in this action are not federal officials and the action will be construed as one filed pursuant to § 1331 and 42 U.S.C. § 1983. Haines v. Kerner, 404 U.S. 519, 520 (1972)(pleadings by pro se prisoners are to be construed liberally).

3. In the complaint Quiles states that it was "addressd to the Milford County Court."  However, the borough of Milford is the county seat of Pike County and where the Court of Common Pleas is located.

then alleges, without specifying a date, that Sergeant Frawley interfered with a mailing "addressed to media." Id.

There are no allegations in the complaint directed specifically at Warden Lowe other than a conclusory claim that Warden Lowe conspired with Sergeant Frawley, nor is there any allegation regarding the existence of a custom or policy of the Pike County Correctional Facility of opening legal mail of inmates or prohibiting inmates to mail letters to the media, including newspapers. Id. As relief, Quiles requests that the court issue a declaratory judgment stating that Defendants violated his rights and awarding him compensatory and punitive damages. Id., ¶¶ A through D (Relief Requested).

On June 16, 2015, this court sent to Quiles a copy of its Standing Practice Order, advising him of his responsibilities under the Local Rules of Court for the Middle District of Pennsylvania. Doc. 4. On August 28, 2015, an order was issued granting Quiles *in forma pauperis* status and requesting that Defendants waive service of the complaint. Doc. 11. On September 14, 2015, Defendants waived service and on September 24, 2015, filed an answer to the complaint in which they also raised the following affirmative defenses: (1) the complaint fails to state a claim upon which relief can be granted; (2) Quiles failed to exhaust available administrative remedies through the Pike County Correctional Facility's grievance procedure; and (3) Quiles fails

to set forth the requisite elements for supervisory or municipal liability.[4] Docs. 15 & 16.

On September 30, 2015, Quiles filed a motion for appointment of counsel. Doc. 17. By order of October 16, 2015, the court denied that motion. Doc. 19. Furthermore, in light of the Defendants' affirmative defenses the court directed Quiles to show cause in writing within 21 days why his complaint should not be dismissed for the reasons set forth in the Defendants' affirmative defenses, including that his complaint fails to state a claim upon which relief may be granted. Quiles was advised that the document showing cause should conform to the requirements of the Local Rules relating to the submission of briefs and that failure to do so would result in his complaint being dismissed for failure to prosecute and abide by a court order. Quiles's brief was due on November 9, 2015, allowing him three extra days for mailing.

When a plaintiff fails to prosecute or comply with a court order, the court may dismiss the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626, 629 (1962). In <u>Link</u>, the Supreme Court stated:

---

4. In the answer Defendants aver, <u>inter alia</u>, that the "legal brief" mailing was returned to the Pike County Correctional Facility by the United States Postal Service "because the envelope Quiles mailed weighed more than 13 ounces, had 11 stamps on it, and the U.S.P.S. considered the mailing to present a security risk." Doc. 16, ¶4.

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.  The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.  The power is of ancient origin, having its roots in judgments of <u>nonsuit</u> and <u>non prosequitur</u> entered at common law . . . .  It has been expressly recognized in Federal Rule of Civil Procedure 41(b) . . . .

<u>Id</u>. at 629-30.  The Court of Appeals for this circuit held in <u>Stackhouse v. Mazurkiewicz</u>, 951 F.2d 29, 30 (3d Cir. 1991), that a district court should not dismiss a former prisoner's civil rights complaint for failure to comply with a local rule requiring a response to a dispositive motion without examining the merits of the complaint.  However, the Court of Appeals did not vitiate the Supreme Court's decision in <u>Link</u>, Rule 41(b) of the Federal Rules of Civil Procedure or the inherent power of the district court to impose the sanction of dismissal for failing to comply with a court order.  Instead, the Court of Appeals specifically stated:

> In reaching our result, we do not suggest that the district court may never rely on the local rule to treat a motion to dismiss as unopposed and subject to dismissal without a merits analysis.  There may be some cases where failure of a party to oppose a motion will indicate that the motion is in fact not opposed, particularly if the

5

> party is represented by an attorney and in that situation the rule may be appropriately invoked. <u>Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked</u>.

Id. at 30 (emphasis added); see also Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992) ("Poulis did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation . . . [N]ot all of the Poulis factors[5] need be satisfied in order to dismiss a complaint. Instead, the decision must be made in the context of the district court's extended contact with the litigant. Ultimately, the decision to dismiss constitutes an exercise of the district court judge's discretion and must be given great deference by [the Court of Appeals].").

Though the deadline for filing a response to this court's show cause order has long passed, Quiles has neither filed a brief nor requested an extension of time in which to do so. At this point, it appears that Quiles has wilfully declined to file a

---

5. The Court of Appeals in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984) identified six factors that are appropriate to consider before dismissing a case for the plaintiff's late filing of a pretrial statement. The six factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

brief.  The Court finds that the dilatoriness of Quiles outweighs any of the other considerations set forth in Poulis.  The court will, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, dismiss Quiles's complaint both for failure to prosecute and for failure to comply with a court order.

    An appropriate order will be entered.